UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOCKET A FILE

------------------------------------------------------------------- x

JOSEPH A. FERRARA, SR., FRANK H. FINKEL,      :
MARC HERBST, THOMAS N. PIALI, DENISE          :
RICHARDSON, ANTHONY D'AQUILA,                 :
THOMAS GESUALDI, LOUIS BISIGNANO,             :
DOMINICK MARROCCO, and ANTHONY                :          Civil Action No.: 09-CV-3407
PIROZZI, as Trustees and Fiduciaries of the Local   :        (KAM)(RER)
282 Welfare Trust Fund, the Local 282 Pension  :
Trust Fund, the Local 282 Annuity Trust Fund, the  :
Local 282 Job Training Trust Fund, and the Local   :
282 Vacation and Sick Leave Trust Fund,        :
                                              :
                         Plaintiffs,          :          **STIPULATION AND**
                                              :          **ORDER OF SETTLEMENT**
        - against -                           :
                                              :
PERSICO CONTRACTING & TRUCKING, INC.,         :
                                              :
                         Defendant.           :

------------------------------------------------------------------- x

        This Stipulation and Order of Settlement ("Stipulation") is between the Trustees

("Trustees") of the Local 282 Trust Funds ("Funds") and Persico Contracting & Trucking, Inc.

("Persico") (the Trustees and Persico, collectively, "Parties").

        WHEREAS the Funds provide welfare, retirement, and other benefits to eligible

covered employees of Persico pursuant to one or more collective bargaining agreements with the

Local 282, I.B.T. in effect for all periods relevant to this Stipulation;

        WHEREAS the Trustees initiated this case, seeking $9,890.57 in unpaid

contributions, consisting of $9,655.60 identified by Audit #09-0570 and $234.97 identified by

Audit #11-215 (together the "Audits"); interest on the Audits, totaling $12,166.61 through

December 31, 2011 plus $11.24 per diem thereafter; liquidated damages, totaling $12,166.61

through December 31, 2011 plus $11.24 per diem thereafter; $2,374.00 in audit costs; and

attorney's fees and costs incurred in this matter, totaling $36,131.49 through December 31, 2011;

00205675.2

WHEREAS Persico denies these amounts are due (except upon default as set out hereunder);

WHEREAS the Parties wish to resolve these matters without incurring the additional expense and uncertainty of litigation;

NOW, THEREFORE, IT IS STIPULATED AND AGREED by and between the Parties:

1.      Persico shall pay $36,000 in eighteen (18) monthly installments equaling $2,000 each (collectively, the "Installments"), plus interest on the declining balance at an annual rate of nine (9) percent, from January 14, 2012, to be paid after the Installments are paid, in the same manner as the Installments, in monthly installments not less than $2,000 each month (together with the Installments, the "Settlement Amount").  Payments must be received at the Funds' office at 250 Marcus Avenue, Lake Success, NY 11042, Attention Theresa Cody, on January 16, 2012, and the 16th (or next business day) of each month thereafter.  In the event that a check for any payment due hereunder is deemed uncollectible for any reason (which shall constitute default hereunder), Persico shall make all future payments by certified or bank funds.

2.      Persico grants the Trustees a security interest and lien on the 1994 Kenworth Tractor Truck Model W90, Vehicle Identification Number 1NKWLB9X7RJ639432 ("Collateral") to secure Persico's payment of the Settlement Amount  (the "Lien"), and agrees that the Trustees may take possession and/or foreclose upon Persico's interest in the Collateral at any time after Persico fails to cure a default as set out herein.  Persico represents that the Collateral is owned or will be owned by January 31, 2012, by Persico and is free and shall remain free of any liens or other interest by other parties.  By January 31, 2012, Persico shall provide the Trustees with title reflecting its ownership of the Collateral free of any other parties'

- 2 -

interest, as well a completed New York State Notice of Lien form with respect to the Collateral, and further agrees to take any other steps that the Trustees determine are necessary to obtain and perfect their security interest and the Lien, in whatever form the Trustees desire, over the Collateral, so long as it does not affect Persico's ability to use the machine on a daily basis for work in the field, except upon failure to cure default as set out herein.

      3.      Persico's failure to remit any payment due hereunder when due shall constitute default. In addition, any misrepresentation by Persico regarding the Collateral or its failure to comply with any requirement regarding the Collateral and Lien herein shall also constitute default. The Trustees agree to provide notice of default to Persico by regular mail to 550 Franklin Avenue, Mt. Vernon, N.Y. 10550, and by facsimile to 914-664-0507, with a copy to their attorney Clifford H. Greene by regular mail to 145 Huguenot Street, Suite 402, New Rochelle, New York 10801, and by facsimile to 914-738-7197. If Persico does not cure such default within ten (10) business days, the Trustees may, in their complete discretion, file the Consent Judgment attached hereto as Exhibit A ("Judgment"), which Persico agrees to execute along with this Stipulation and which shall be filed with the Court as an exhibit hereto, until Persico's failure to cure default. Upon failure to cure default, the Trustees shall be entitled to file the Judgment and request that the Court enter it as a final judgment of the Court, and Persico waives all defenses to the Judgment except payment. Without prejudice or delay to its right to enforce the Judgment, the Trustees may also seek to amend the Judgment (or take any other action under law or agreement) to collect any additional amounts due, including but not limited to additional interest and liquidated damages, and attorney's fees and costs, which shall become immediately due upon default. The Trustees may also take any steps to enforce against the Collateral. The Trustees failure to avail themselves of these remedies at any time shall not limit

- 3 -

their right to do so at any other time. The Court retains jurisdiction for these purposes and for any other purpose related to the enforcement of the Judgment.

4. Persico acknowledges that this Stipulation does not cover amounts due to the Funds not specifically listed herein, including but not limited to unpaid contributions, any interest thereon, and attorney's fees and costs. This Stipulation and the Judgment shall be without prejudice of the right of the Trustees to audit the books and records of Persico for any time period other than those covered by the Audits, and to collect any contributions found to be due and owing as a result of any such audit; shall not limit or restrict any amounts due from Persico or remedies available to the Trustees under any other agreement with Persico or any agreements with other parties or pursuant to applicable laws; shall not limit the Trustees' rights with respect to any other lawsuit that has been filed or is in the future filed by the Trustees; and shall not limit Persico or any other entity's liability in any way for any amount that may be due from such entity. With respect to any amounts the Trustees claim are due, other the amounts set out in the Judgment, Persico retains any and all defenses that it may have.

5. The individuals who execute this Stipulation represent and acknowledge that they have the authority to do so and that the appropriate authorizations have been obtained. The parties acknowledge that they have consulted legal counsel of their choosing in this matter. This Stipulation cannot be changed or terminated except in writing signed by both parties. This Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute the same instrument. Copied executed signatures shall be considered as original executed signature pages.

- 4 -

On behalf of the **TRUSTEES OF THE LOCAL 282 TRUST FUNDS**

_Louis Bisignano_
Print Name—Union Trustee

_Louis Big._
Signed

Title

Date

_Denise M Richardson_
Print Name—Employer Trustee

_Denise M Richardson_
Signed

Title

_2/10/12_
Date

On behalf of **PERSICO CONTRACTING & TRUCKING, INC.**

Signed

_2/7/2012_
Date

_Michael Persico_
Print Name

_President_
Title

**SO ORDERED.**

Dated: _02 /27/12_
Brooklyn, New York

s/KAM

THE HONORABLE KIYO A. MATSUMOTO

- 5 -